## Commonwealth *v.* Schmidheiser et al.

Argued October 20, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Francis J. McCarthy,* for appellant.

*Franklin E. Barr,* Assistant District Attorney and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., December 16, 1933:

In the first assignment of error supporting this appeal by George A. Nahm from the judgment and sentence of the court below following his conviction, along with Harry A. Rau, upon an indictment returned to No. 1642, May Sessions, 1932, it is charged that the trial judge erred in consolidating for trial, over appellant's protest, the above numbered indictment and certain indictments at Nos. 1643, 1649 and 1650, of the same term. If this assignment must be sustained, the additional ones need not be considered.

An examination of the record discloses that an indictment, charging Fred Schmidheiser, president of the Successful Building Association, Christian A. Fisher, vice-president of the same, Harry A. Rau, its treasurer, George A. Nahm, appellant, its conveyancer and a director, August E. Nahm, Jr., and Charles B. Moore, directors, in nine counts, with embezzlement and fraudulent conversion of the funds of the association, was returned a true bill on June 3, 1932. The defendants, with the exception of Schmidheiser who was granted a continuance because of his serious illness, were called for trial on March 28, 1933; Rau

and Nahm, the appellant, were found guilty and sentenced; Fisher, August E. Nahm, Jr., and Moore were acquitted.

Among certain petitions presented to the court below when the case was listed for trial were: (a) a petition by appellant setting forth, in substance, that he was advised it was the purpose of the Commonwealth to try the indictment against him and his codefendants at No. 1642 along with three other indictments at Nos. 1643, 1649 and 1650, returned against one Alexander D. Robinson and charging him with certain offenses; that appellant's defense would be inconsistent with the defense to be offered by Robinson; that a consolidated trial upon the four indictments would be prejudicial to appellant; and praying that the indictment in which he was named as a defendant "be tried separate and apart" from those against Robinson; and (b) a similar petition by Robinson that he be granted a trial separate from the defendants named in the indictment at No. 1642. Both petitions were dismissed and exceptions granted.

The record of the trial opens: "Mr. Connor: On behalf of Alexander D. Robinson and George A. Nahm, I ask the District Attorney to elect on which bills of indictment he will proceed. Mr. Barr: We will proceed on all four bills. Mr. Connor: We object to the procedure on all the bills for the reason that they set forth a separate and distinct offense. (Objection overruled. Exception to defendants)."

The first, second, fourth, fifth, seventh and eighth, counts in the indictment against appellant and his codefendants were drawn in the language of the Act of June 12, 1878, P. L. 196, and charged them, as officers and directors of the building association, with unlawfully and fraudulently taking, converting and applying to their own use, and the use of George E. McBlain and Alexander D. Robinson, out of its funds, the respective amounts of $150,000, $54,000, and $45,000;

the third, sixth and ninth counts charged them, in the language of the Act of April 23, 1909, P. L. 169, as amended by the Act of April 16, 1929, P. L. 524, with having embezzled, abstracted and misapplied the same items. The date of the offenses as laid in the indictment was February 9, 1931.

The indictment at No. 1643 was against Robinson alone and charged him, as vice-president and treasurer of the Northwestern Trust Company, with a violation of the Act of 1909, as amended, viz., the embezzlement on May 20, 1931, of $92,000 of the funds of that company.

In the indictment at No. 1649 Robinson was charged with aiding and abetting appellant and his co-defendants in the commission of the offenses charged against them in the indictment at No. 1642; and the charge against Robinson in the indictment at No. 1650 was that he induced McBlain, mentioned along with him in counts two, five and eight of the indictment at No. 1642, to make unlawful and fraudulent applications to the Successful Building Association for three loans of $150,000, $54,000, and $45,000, respectively, and induced him to conceal facts material to such applications.

The serious question here involved is whether it was reversible error to consolidate for trial, over the objection of appellant, the indictments at Nos. 1642 and 1643, thereby forcing appellant, as the conveyancer and a director of the Successful Building Association, to go to trial, upon a charge of having upon a specified date converted and embezzled its funds, along with the vice-president of the Northwestern Trust Company, charged in a separate indictment with having, upon a later date, embezzled the funds of that corporation.

Necessarily, a motion such as is here involved must be disposed of by an inspection of the pleadings alone.

There was nothing upon the face of the indictments

showing any relationship between the building association and the trust company, or that appellant was connected in any official capacity with the trust company, or Robinson with the building association; nor were the dates or amounts mentioned in the respective indictments identical.

The only mention of Robinson in the indictment against appellant and his co-defendants was in the second, fifth and eighth counts and was merely to the effect that funds of the building association were converted and applied to his use and benefit, as well as to the use and benefit of appellant and the other persons named therein.

Our only statutory provision relative to joint trials in criminal cases is section 40 of the Act of March 31, 1860, P. L. 427, 440. By its terms it applies only to cases in which two or more persons have been *jointly indicted,* and as to them provides that ''it shall be in the discretion of the court to try them jointly or severally, except that in cases of felonious homicide, the parties charged shall have the right to demand separate trials.'' Appellant was not jointly indicted with Robinson and the statute is not applicable here.

When we turn to the precedents in our own Commonwealth, we find in Com. v. Stewart, 65 Pa. Superior Ct. 409, a clear statement by that master in criminal procedure, our late associate, PORTER, P. J., that even defendants charged in separate indictments with offenses, necessarily growing out of the same act, cannot, against their protest, be tried together.

The appellant in that case was indicted for adultery and her paramour separately charged with fornication. At page 412, the writer of the opinion said: ''The defendants were charged in separate indictments and they could not, against their protest, have been tried at the same time.'' The assignment then under consideration was dismissed because the defendants in

that case had waived their right to separate trials.

It is quite true that in a number of cases in the Supreme Court, and in this court, it has been held that the consolidation for trial, over the objections of defendants, of certain indictments did not amount to an abuse of discretion by the trial judge, but none of them furnishes a precedent for the ruling in the case now at bar.

In Com. v. Danaleczk, 85 Pa. Superior Ct. 253, cited and relied upon by the court below, a single information had been made against five defendants charging them with felonious rape upon two girls at, substantially, the same time. Two indictments were drawn; they were identical as to the defendants charged and the date and nature of the offenses; the only diversity was with respect to the names of the persons upon whom the crime had been committed. Likewise, in the early case of Withers v. Com. 5 S. & R. 59, both indictments were against the same defendants and the same crime (conspiracy) was charged in each, but to defraud different persons. The case, as remarked by the Supreme Court, was similar to including counts charging separate and distinct misdemeanors in the same indictment. Com. v. Wheeler, 75 Pa. Superior Ct. 84, was the same kind of a case. Obviously, the present case cannot be so considered.

Again in Com. v. Portner, 92 Pa. Superior Ct. 48, two defendants were jointly charged in three indictments with the unlawful possession of drugs, and in a fourth indictment, with a conspiracy to sell them. Com. v. Valotta, 279 Pa. 84, 123 A. 681, was a case in which the defendant was charged in separate indictments with the murder of two persons in the same affray, but made no objection to being tried on both indictments at the same time. In another case, Com. v. Cauffiel, 97 Pa. Superior Ct. 202, cited and relied upon by counsel for the Commonwealth, there were seven indictments, all charging offenses growing out

of Cauffiel's candidacy for the office of mayor. In four, Cauffiel alone was named, and in three, one Rager, was included as a co-defendant; Rager entered a plea of guilty, thus bringing about a situation in which there were seven indictments charging various misdemeanors against the same defendant.

It is argued to us that Robinson was shown by the evidence to have been connected with the commission of the offenses charged against appellant and his co-defendants. There was evidence that Robinson, through his straw man, McBlain, obtained the three sums mentioned in the indictment at No. 1642, in the shape of full paid stock of the building association, through the device of loans, illegally and fraudulently applied for and granted; that he sold some of this stock to the trust company under circumstances which amounted to a violation of the Act of 1909, as amended, and out of the proceeds gave Schmidheiser and appellant $10,000, each, and out of a prior loan gave appellant $15,000. We agree with the statement of the trial judge, in his opinion refusing a new trial, that evidence of many of these transactions would have been admissible against appellant if the jury had been sworn only as to the issues arising under the indictment at No. 1642, but it is also frankly conceded that "evidence was received in connection with the indictment charging Robinson with mis-application of the funds of Northwestern Trust Company which had no bearing upon the guilt or innocence of defendant Nahm." It is contended, however, that appellant was not prejudiced by this evidence because the trial judge summarized it separately for the jurors and instructed them to disregard it when considering the charges against appellant and his co-defendants. Whether they did so can only be conjectured.

All the laudable purposes suggested as justification for the procedure here complained of—expedition in the disposition of criminal cases, avoidance of unneces-

sary repetition of evidence, etc.,—could have been fully attained by making Robinson a defendant in the indictment at No. 1642, as an aider and abetter of the other defendants therein named; the Act of 1909 expressly refers to, and includes, any person who intentionally aids and abets the officers, employes, or agents of the corporations therein specified in the commission of the offenses therein described.

We have reached the conclusion that the consolidation for trial of the indictments at Nos. 1642 and 1643, May Sessions, 1932, against the protest of appellant, amounted to reversible error as to him. It follows that his first assignment must be sustained and the court below directed to grant his motion for a new trial.

Judgment reversed with a venire.