Commonwealth *v.* Grosso, Appellant.
Commonwealth *v.* Bruno, Appellant.

Argued October 6, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused December 2, 1960.

*Samuel Dash,* with him *Thomas A. Livingston,* and *Henry Mustin,* for appellants.

*William Claney Smith,* Assistant District Attorney, with him *George H. Ross,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION PER CURIAM, November 15, 1960:

The judgments of sentence are affirmed on the opinion of Judge ERVIN for the Superior Court, 192 Pa. Superior Ct. 513, 162 A. 2d 421.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I cannot concur in a judgment which so flagrantly violates every concept of justice and fair play which I feel is part of our administration of criminal law. While I agree with the majority that the conviction of the appellant Grosso be affirmed, I must dissent from the rejection of the contentions of appellant Bruno.

By this judgment of affirmance the majority approves procedures which permit the trial of defendant "A" together with defendant "B" on charges for which "A" has not been indicted with "B", and which on the face of "B's" indictment are not related as to facts, time and place to the charges for which "A" has been indicted. As long ago as *Commonwealth v. Schmidheiser,* 111 Pa. Superior Ct. 283, 169 Atl. 572 (1933), the Superior Court reversed a conviction because " 'The defendants were charged in separate indictments and they could not, against their protests, have been tried at the same time.' " This was proper because in *Schmidheiser,* as in the instant case, there was nothing on the face of the indictments which showed any relationship between the two offenses. The Superior Court affirmed

its Schmidheiser position in *Commonwealth v. Dauphinee*, 121 Pa. Superior Ct. 565, 183 Atl. 807 (1936), but properly did not apply *Schmidheiser* to the situations in *Commonwealth v. Dixon*, 179 Pa. Superior Ct. 1, 115 A. 2d 811 (1955) ; *Commonwealth v. Smith*, 186 Pa. Superior Ct. 89, 140 A. 2d 347 (1958), and *Commonwealth v. Evans*, 190 Pa. Superior Ct. 179, 154 A. 2d 57 (1959). In *Dixon, Smith* and in *Evans*, consolidation of indictments relating to different transactions and different defendants was permitted because there existed in each of these cases one general conspiracy charge linking every one of the defendants tried together. Since a general conspiracy charge was absent in *Schmidheiser*, absent in *Dauphinee* and absent in the instant case, the conviction of *Bruno* should have been reversed. Each case relied upon by the Superior Court to justify its affirmance of *Bruno's* conviction is readily distinguishable from the rule of *Schmidheiser* and *Dauphinee*.

In *Commonwealth v. Russo*, 177 Pa. Superior Ct. 470, 111 A. 2d 359 (1955), the defendants were tried separately. The Superior Court's discussion in that case concerning consolidation had to do with the consolidation of indictments against the same defendant. Here we have separate indictments charging different defendants with separate offenses. *Commonwealth v. Lehman*, 166 Pa. Superior Ct. 181, 70 A. 2d 404 (1950), also deals with the consolidation of separate indictments against the same defendant. *Commonwealth v. Kaysier*, 166 Pa. Superior Ct. 369, 71 A. 2d 846 (1950), again deals with separate indictments against the same defendant. *Commonwealth v. Schultz*, 168 Pa. Superior Ct. 435, 79 A. 2d 109 (1951), deals with separate indictments against two defendants for the same burglaries. *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820 (1954), deals with separate indictments

against three defendants for the same robbery. *Commonwealth v. Zwierzelewski,* 177 Pa. Superior Ct. 141, 110 A. 2d 757 (1955), deals with fifteen separate indictments against fifteen defendants for the same prison riot. *Commonwealth v. Morrison,* 180 Pa. Superior Ct. 133, 118 A. 2d 263 (1955), deals with two separate indictments against two defendants for the same offense of interfering with a witness. *Commonwealth v. Giambrone,* 183 Pa. Superior Ct. 283, 130 A. 2d 254 (1957), deals with the consolidation of trials of three defendants seized in the same gambling raid and indicted for the same offense. *Commonwealth v. Nestor,* 183 Pa. Superior Ct. 350, 132 A. 2d 369 (1957), deals with two separate indictments against the same defendant. In *Commonwealth v. Krzesniak,* 180 Pa. Superior Ct. 560, 119 A. 2d 617 (1956), there were nine bills of indictment, eight charging arson and one charge for setting a junked car afire. The defendant was named on all of these bills of indictment.

Since I cannot reconcile the action taken by the Superior Court and the majority herein with the established safeguards which have surrounded our administration of the criminal law, I dissent.

Mr. Justice MUSMANNO and Mr. Justice BOK join in this dissenting opinion.