## Commonwealth *v.* Nelson, Appellant.

Argued January 9, 1973. Before JONES, C. J., EA-GEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Packel,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Norris E. Gelman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, May 23, 1973:

The appellant, John Nelson, after a trial before a judge sitting without a jury was found guilty of all counts included in three criminal indictments. The first

indictment, No. 1251, included a single count of burglary; the second, No. 1252, included a single count of loitering and prowling; and the third, No. 1253, included three counts: (a) assault and battery; (b) assault and battery in resisting arrest; and (c) unlawfully resisting an officer in making an arrest. After post trial motions were denied, a prison sentence of two to five years was imposed on indictment No. 1251; sentence was suspended on indictment No. 1252; and a prison sentence of eighteen months to three years was imposed on indictment No. 1253, to run concurrently with the sentence imposed on indictment No. 1251. On appeal the Superior Court affirmed the judgments by a unanimous per curiam order. We granted allocatur.

The validity of Nelson's conviction of burglary (indictment No. 1251) and the legality of the sentence imposed thereon is not challenged. The assignments of error concern only the conviction and sentence imposed on indictment No. 1253 (assault and battery, etc.).

As noted before, indictment No. 1253 included three counts: (a) assault and battery; (b) assault and battery in resisting arrest; and (c) unlawfully resisting an officer in making an arrest. Since the maximum prison sentence permitted for simple assault and battery is two years[1] and the court imposed a maximum prison sentence of three years on this indictment, it is obvious sentence was imposed on more than the assault and battery count in the indictments. It is argued this was error because counts (b) and (c) merged as a matter of law with count (a) in the indictment, and sentence may not legally be imposed on these additional offenses.[2] With this we agree.

---

[1] Act of June 24, 1939, P. L. 872, §708, 18 P.S. §4708.

[2] It is not argued Nelson was subjected to double jeopardy or double punishment in the constitutional sense, and in view of our disposition of the merger issue, we need not reach this issue. However, see 24B C.J.S., Criminal Law §1990 (1962), and 65 Yale L.J.

If one crime necessarily involves another the two offenses merge. See *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920 (1941). See also *Commonwealth v. Comber*, 374 Pa. 570, 97 A. 2d 343 (1953), and *Commonwealth v. McCusker*, 363 Pa. 450, 70 A. 2d 273 (1950). This is such a case. Under the instant facts, the assault and battery necessarily involved the act of resisting arrest, and the act of resisting an officer in making the arrest; hence, the offenses merged. After the assault and battery was established, no additional facts were required to prove the two additional offenses. This is clear from the pertinent statute, the Act of June 24, 1939, P. L. 872, §314, 18 P.S. §4314, defining the crime of obstructing an officer in the execution of process. It is as follows: "Whoever knowingly, wilfully and forcibly obstructs, resists or opposes any officer or other person duly authorized, in serving or attempting to serve or execute any legal process or order, or in making a lawful arrest without warrant, or *assaults or beats any officer or person*, duly authorized, in serving or executing any such legal process or order or for and because of having served or executed the same; or in making a lawful arrest without warrant; or rescues another in legal custody; or whoever being required by any officer, neglects or refuses to assist him in the execution of his office in any criminal case, or in the preservation of the peace, or in apprehending and securing any person for a breach of the peace, is guilty of a misdemeanor, and on conviction, shall be sentenced to imprisonment not exceeding one (1) year; or to pay a fine not exceeding five hundred dollars ($500), or both." [Emphasis added.]

Therefore, Nelson may be sentenced on the assault and battery conviction only. If a criminal defendant

---

339 et seq. (1955-1956). It is also noted the instant case does not involve successive prosecutions as *Commonwealth v. Campana*, 452 Pa. 233, 304 A. 2d 432 (1973).

is sentenced for one crime, he may not receive additional sentences for lesser crimes which are only constituents of the more serious crime. *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 17 A. 2d 190 (1941). However, since the sentence imposed on the assault and battery conviction exceeded the permissible statutory limit, a new sentence must be imposed.

It is also argued the convictions for assault and battery in resisting arrest and unlawfully resisting an officer in making an arrest may not be sustained. It is undisputed Nelson committed an assault and battery on two officers who took him into custody, but it is urged the Commonwealth's evidence established this occurred after the arrest was concluded, and, hence may not be construed as occurring in resistance thereof.[3] Since the validity of the conviction of assault and battery is not questioned, and we rule that sentence on indictment No. 1253 must be limited to this count, this issue is academic.

The order of the Superior Court affirming the judgment of sentence imposed on indictment No. 1253, and the judgment of sentence imposed by the trial court on this indictment are vacated. The record is remanded

---

[3] When Nelson was taken into police custody, he was found to be suffering from a bullet wound in the right arm and he was taken to a hospital for medical treatment. What then ensued was described thusly at trial by one of the arresting officers: "We had to uncuff him so he could be treated by the doctor. We took him to the back, back to the x-rays. And after he was done being x-rayed, we attempted to put cuffs on, and the defendant stated we wasn't going to put the cuffs on. And as I began to grab him, he gave me a left forearm to the chest. I went back to the wall. My partner then grabbed for him, and he hit my partner. I tackled him around the neck. We struggled down on the floor, and I got one cuff on him. I was kneeling on him, pulling on his arm trying to get the two arms together to get him recuffed. At this time the defendant said we weren't going to cuff him, and threw me and my partner. We again tackled him and the nurse called for assistance and several officers came in, and we took him to P.G.H."

to the trial court for the imposition of sentence on this indictment in accordance with this opinion.

Mr. Justice Nix filed a concurring and dissenting opinion.

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE NIX:

While I agree with the majority's view that only one sentence can be imposed under Bill No. 1253 even though that bill contained three separate counts, I disagree with the conclusion reached that counts (b) and (c) merged into count (a).

First it must be noted that since counts (b) and (c) describe conduct made criminal under the *same* statutory provision (Act of June 24, 1939, P. L. 872, §314, as amended, 18 P.S. §4314) only one penalty can be imposed even though a verdict of guilty is returned on both counts. *Commonwealth v. Grosso,* 192 Pa. Superior Ct. 513, 162 A. 2d 421, 1960, aff'd 401 Pa. 549, 165 A. 2d 73, cert. denied, 365 U.S. 835. Thus a sentence may be sustained upon either count (b) or count (c) but not both.

The question of merger arises when it is to be decided whether a sentence can be imposed on count (a) as well as upon count (b) or (c). The principle of merger prevents double punishment for a lesser offense when it is a necessary ingredient of the greater offense for which the defendant has also been indicted, convicted and punished. *Commonwealth v. McCusker,* 363 Pa. 450, 70 A. 2d 273 (1950); *Commonwealth ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A. 2d 190 (1941); *Commonwealth ex rel. Russo v. Ashe,* 293 Pa. 322, 142 A. 317 (1928); *Commonwealth v. Phillips,* 215 Pa. Superior Ct. 5, 257 A. 2d 81 (1969). In my judgment, the majority arrived at a conclusion which permitted the *greater* offense to merge with the *lesser* offense, an obviously absurd result. This anomaly was probably

occasioned by the majority's unwitting assumption that the crime which possessed the greater maximum penalty was necessarily the greater offense for purposes of merger. The test of which crime merges with another is not dependent upon a comparison of their respective maximum penalties[1] but whether the lesser crime is that which is a necessary ingredient of the greater. Section 4708 is a necessary included element of the crime described in §4314. In *Commonwealth of Pa. v. Frankfeld,* 114 Pa. Superior Ct. 262, 268, 173 A. 834 (1934), the Superior Court properly defined the gist of the offense described in §4314 as: ". . . verbal remonstrances, unaccompanied by threats or incitement to resistance, are insufficient. But where there is a presence of deterring power and threats of physical force, either express or implied, if the service of the writ or process is executed, it comes within the contemplation of the statute. Officers charged with the service of process should be and are under the protection of the law. To intimidate them by the use of threats, accompanied by an exhibition of physical power and an apparent intent to use it, thus preventing the execution of process, is a crime."

Thus the crime described in §4314 may include not only the common law offense of assault (and also possibly battery) but it also includes the additional henious element of interference with the service of court process. Thus the common law offense of assault and

---

[1] Normally one would expect to find that the legislature would in fact prescribe a greater punishment for the greater offense. I believe that it is a fair assumption to explain this rather unusual situation that the legislature acted upon the assumption that the offender was subject to punishment under both the Act of June 24, 1939, P. L. 872, §708, 18 P.S. §4708 and also the Act of June 24, 1939, P. L. 872, §314, as amended, 18 P.S. §4314. This error should not be remedied by attempting to treat the lesser offense as the greater, but rather by subsequent legislative action.

battery which is punished under §4708 is a lesser included offense within the offense described in §4314. In my opinion count (a) should merge with (b) and (c), it being only one of the elements of the offensive conduct being described in §4314. I agree that the sentence of three years is inappropriate but I differ from the majority view in that I believe the maximum sentence that may be imposed is the sentence allowable under §4314 or one year.