649 A.2d 121

COMMONWEALTH of Pennsylvania, Appellee,

v.

Otis PETERKIN, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 27, 1993.

Decided Oct. 12, 1994.

Reargument Denied Dec. 15, 1994.

458

Bruce A. Franzel, Philadelphia, for appellant.

Catherine Marshall, Alan Sacks, Philadelphia, for Commonwealth.

Robert A. Graci, Harrisburg, for Attorney General.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Otis Peterkin, was convicted by a jury of two counts of murder of the first degree, robbery, and possession of an instrument of a crime for the shooting deaths of two persons committed in the course of a robbery of a service station, appellant's former place of employment. A sentencing hearing followed in which a jury returned a sentence of death for both murder charges. Appellant was subsequently sentenced to death, ten to twenty years imprisonment for the

robbery conviction, and two and one-half to five years imprisonment for the possession conviction. On direct appeal, this court affirmed the convictions and sentence. *Commonwealth v. Peterkin*, 511 Pa. 299, 513 A.2d 373 (1986), *cert. denied*, 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987).

Subsequently, on September 7, 1989, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9551, appellant filed a pro se PCRA petition alleging prosecutorial misconduct, ineffective assistance of trial counsel for failure to call alleged character witnesses at trial and sentencing, and ineffective assistance of appellate counsel for failure to properly pursue these claims. New counsel was again appointed to represent appellant on his PCRA petition. PCRA counsel concluded that all of the issues either lacked merit or had been finally litigated. Consequently, PCRA counsel filed a no-merit letter with the court requesting permission to withdraw. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988). The trial court granted permission and the petition was denied without a hearing.

Appellant appealed pro se to the Superior Court from the denial of his PCRA petition and that appeal was subsequently transferred to this court pursuant to 42 Pa.C.S. § 9546(d). Following a remand to the Court of Common Pleas of Philadelphia County for a determination of appellant's eligibility for appointment of counsel, present counsel was appointed. This court then denied requests for a remand. For the reasons set forth below, we affirm.

 Since appellant's claims are all grounded in claims of ineffective assistance of counsel, the controlling law is first addressed. When an appellant argues that he was deprived of effective assistance of counsel, he must demonstrate, according to *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) and its progeny: 1) that the underlying claim is of arguable merit; 2) that counsel's performance was unreasonable; and 3) that counsel's ineffectiveness prejudiced defendant. Also, post-conviction review of claims previously litigated on appeal cannot be obtained by alleging ineffective assis-

tance of prior counsel and by presenting new theories of relief to support previously litigated claims. *Commonwealth v. Wilson*, 452 Pa. 376, 305 A.2d 9 (1973). Further, counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell*, 508 Pa. 212, 495 A.2d 183 (1985).

Appellant is required by 42 Pa.C.S. § 9543 to demonstrate eligibility for relief under the PCRA. Section 9543(a) mandates that appellant's allegation of error has not been previously litigated and that other conditions have been met. According to 42 Pa.C.S. § 9544(a)(2), an issue has been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue...." Thus, appellant must first demonstrate that the claim has not been previously litigated.

■ Appellant first contends [1] that he was denied effective assistance of counsel because his trial counsel presented no character witnesses at his trial. This court considered this issue in appellant's direct appeal, after full appellate briefing and three evidentiary hearings at which one character witness and trial counsel himself appeared. Reference was made to trial counsel's explanation at an evidentiary hearing that he "did not delve into character testimony during trial or at the sentencing hearing because the prosecution had damaging evidence of petitioner's bad character which he did not want revealed to the jury."[2] *Peterkin*, 511 Pa. at 318, 513 A.2d at 382. This court concluded that there was a reasonable basis for not pursuing potential character witnesses or presenting

1. This court has already determined that the evidence was sufficient to sustain the jury's verdict of guilt of two counts of murder in the first degree and has conducted a proportionality of sentence review. *See Peterkin*, 511 Pa. 299, 306–08, 328–29, 513 A.2d 373, 376–78, 388. Thus, this court has already met the command of *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 26 n. 3, 454 A.2d 937, 942 n. 3 (1982), *cert. denied*, 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983) reh'g denied, 463 U.S. 1236, 104 S.Ct. 31, 77 L.Ed.2d 1452 (1983).

2. This evidence included facts gathered during an investigation of petitioner for welfare fraud, evidence that he was discharged from the armed services for desertion and later reenlisted under a false name, and evidence of simultaneous amorous relationships with various women, some of whom were proposed character witnesses. *Peterkin*, 511 Pa. at 318 n. 12, 513 A.2d at 382 n. 12.

character evidence in either instance in light of counsel's concern that the potential harm from cross-examination of character witnesses outweighed the doubtful value of their testimony. *Peterkin*, 511 Pa. at 318–19, 513 A.2d. at 382–83. This issue was previously litigated and is not subject to further review.[3]

■ Appellant then contends that trial counsel was ineffective for failing, at the sentencing hearing, to present mitigating evidence and to thoroughly argue against imposition of a death sentence. He claims, as he did on direct appeal, that trial counsel failed to offer important and available evidence in mitigation of sentence. This court ruled against appellant on this issue on direct appeal:

> We have previously discussed counsel's reasons for not presenting such character evidence—his concern that he would be opening the door for damaging cross-examination relating to appellant's character. Since none of this proposed evidence in any way mitigated the heinous nature of the crime, it would have been of dubious value, and when that value is weighed against the potential for damaging cross-examination, counsel cannot be deemed ineffective for failing to ... prepare witnesses whom he has decided, on a rational basis, not to call to testify.

*Peterkin*, 511 Pa. at 321, 323, 513 A.2d at 384, 385. This claim has been previously litigated.

Appellant's other arguments are grounded in claims that allegedly have not been previously litigated. Appellant contends that none of the claims should be deemed waived because the failure to raise the issues was due to ineffective assistance of trial and appellate counsel. 42 Pa.C.S. § 9543(a)(3) states:

> That the allegation of error has not been previously litigated and one of the following applies:

---

**3.** Appellant also contends that he was also denied effective assistance of appellate counsel because counsel failed to raise or brief this issue. Appellant has· cited to no error on appellate counsel's part and, in any event, this issue is, in substance, the one discussed above and, therefore, is deemed previously litigated.

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, trial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

42 Pa.C.S. § 9544(b) provides that an issue has been waived "if the petitioner failed to raise it and if it could have been raised ... at the trial, [or] on appeal...." Because appellant could have raised his remaining issues on direct appeal and did not, these issues must be deemed waived under § 9544 unless an anti-waiver rule under 42 Pa.C.S. § 9543(a)(3)(ii) or (iii) applies. Since appellant has not claimed that any alleged error resulted in the conviction of an innocent individual, the focus of this inquiry is on 42 Pa.C.S. § 9543(a)(3)(iii).

Ineffective assistance of counsel will excuse the waiver under the PCRA as long as the appellant had a constitutional right to counsel at the stage in the state proceedings where counsel's ineffectiveness resulted in the waiver. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The accused has a constitutional right to counsel on direct appeal but not in state collateral proceedings. *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In appellant's case, ineffective assistance of counsel will excuse the waiver under 42 Pa.C.S. § 9543(a)(3)(iii) only with regard to claims of ineffectiveness of counsel at trial and on direct appeal, and provided the standards announced in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987) and its progeny are met.

Appellant's first argument is that counsel was ineffective for failing to object to alleged improper and prejudicial remarks made by the prosecutor during his closing argument to the jury. A prosecutor is permitted to exercise latitude in presenting a case to the jury. *Commonwealth v. D'Amato*,

514 Pa. 471, 489, 526 A.2d 300, 309 (1987). Further, the prosecutor is permitted to employ a certain "oratorical flair." *Commonwealth v. Travaglia,* 502 Pa. 474, 467 A.2d 288 (1983), *cert. denied,* 467 U.S. 1256, 104 S.Ct. 3547, 82 L.Ed.2d 850 (1984); *Commonwealth v. Basemore* 525 Pa. 512, 582 A.2d 861 (1990), *cert. denied,* 502 U.S. 1102, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). A prosecutor, within the latitude properly afforded, may ask that the jury show the same mercy to the accused as the accused showed his victims. *Commonwealth v. Banks,* 513 Pa. 318, 521 A.2d 1 (1987); *see also Travaglia,* 502 Pa. at 501, 467 A.2d at 301; *Basemore,* 525 Pa. at 530, 582 A.2d at 870.

■ Appellant claims that the summation to the jury was done in a manner "to inflame the passions of the jury and divert them from their obligation to carefully and deliberately consider the evidence and the law." Appellant cites the following:

> We ask you, ladies and gentlemen, to return a verdict of guilty of murder in the first degree and don't take too long. Take as long as it took for him to pull the trigger the first time causing all that pain or take as much time as took him to pull the trigger the second time.... Don't take too long. I want you to go out, consider the evidence dispatched [sic]. Then stand up and be as cold, as ruthless as you have to be. Be as cold, as ruthless as he was when he walked up over a person in a submissive position on the floor and pumped fifteen bullets in one body and nine in the other.

Appellant claims that it was improper for the prosecution to urge the jury to "be cold and ruthless as he was," alleging that such remarks were made to divert the jury from careful analysis of the facts.

While the prosecutor may have committed error, the error had not been shown to be prejudicial to appellant. When the prosecutor requested that the jury be as cold and ruthless as the appellant was when he murdered his victims, the prosecutor went beyond appropriate oratorical boundaries and defense counsel should have objected to the statements. Never-

theless, the failure of counsel to object to the prosecutor's statements was not prejudicial, given the overwhelming evidence of guilt. Appellant's ineffectiveness claim fails.

Appellant's second claim is that trial counsel was ineffective for failing to object to the trial court's allegedly erroneous instructions to the jury during the penalty phase. He claims that the court failed to instruct the members of the jury that they need not be unanimous in finding mitigating circumstances in accord with *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). *Mills* concerned a Maryland statute which required jurors unanimously to agree on each individual mitigating circumstance after deciding aggravating factors. Absent unanimous agreement, the Maryland statute barred consideration of the mitigating evidence as to a given circumstance. The Supreme Court held that the statute violated the Eighth Amendment because a single Maryland juror could force a death verdict on the other jurors by refusing to agree that mitigation existed.

We have held that the Pennsylvania statute, 42 Pa.C.S. § 9711, does not violate the rule in *Mills*. *See Commonwealth v. Hackett*, 534 Pa. 210, 627 A.2d 719 (1993); *Commonwealth v. Tilley*, 528 Pa. 125, 595 A.2d 575 (1991); *Commonwealth v. O'Shea*, 523 Pa. 384, 567 A.2d 1023 (1989); *Commonwealth v. Frey*, 520 Pa. 338, 554 A.2d 27 (1989).[4] Appellant's ineffectiveness claim fails.

Appellant's next argument is that counsel was ineffective for failing to object to the manner in which the jury recorded its sentencing verdict, i.e., imposition of a single verdict of death on both murder convictions. Appellant claims that the death sentences are illegal because they were im-

4. Further, even assuming *Mills* applies, *Mills* can not apply retroactively to appellant's case because *Mills* was announced in 1988, six years after appellant's trial and two years after this court's final decision in appellant's direct appeal. In *Commonwealth v. Gillespie*, 512 Pa. 349, 355, 516 A.2d 1180, 1183 (1986), this court held that a new rule of law will not be applied retroactively "to any case on collateral review unless that decision was handed down during the pendency of appellant's direct appeal and the issue was properly preserved there or ... was nonwaivable."

posed after both murder bills of information were submitted to the sentencing jury for a single consideration. Appellant claims that, regardless of the charges upon which a defendant is convicted, he is entitled to individual consideration and imposition of sentences for each separate offense. He further alleges that the court had no jurisdiction to take the single jury verdict of death on the combined bills and to transform the verdict into two separate sentences of death.

Appellant has not demonstrated that the jury or the court acted improperly in any manner. A general verdict of guilty in a multi-count indictment serves as verdict of guilty on all counts enabling the court to impose sentence upon any count in the indictment as the verdict is held to apply to all the charges. *Commonwealth v. Grosso*, 192 Pa.Super. 513, 526, 162 A.2d 421, 428, *aff'd*, 401 Pa. 549, 165 A.2d 73 (1960); *see also Sochor v. Florida*, 504 U.S. 527, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992) (although jury returned general verdict of death without indicating on which of four possible aggravating circumstances it relied, no violation of Eighth Amendment occurred). Also, challenges to recording of the verdict, even if cast as attacks on the legality of the verdict, can be waived. *See Commonwealth v. Brightwell*, 479 Pa. 541, 388 A.2d 1063 (1978), *cert. denied*, 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 664 (1978) (by failing to object to recording of verdict, appellant waived claim alleging that verdict was unlawful). Appellant's claim is meritless.

 Appellant's next argument is that trial counsel's failure to present, at the sentencing hearing, available mitigating evidence of appellant's background and an adequate closing argument, and appellate counsel's failure to properly raise the issues on direct appeal, denied him his right to effective assistance of counsel. He argues that his PCRA claim regarding mitigating evidence at sentencing is different from his claim on direct appeal because "background" evidence is dif-

ferent from "character" evidence and, thus, not subject to the same risk of damaging cross-examination.[5]

Appellant has not demonstrated that "character" evidence and "background" evidence are different for purposes of his claim. 42 Pa.C.S. § 9711(e)(8) allows the introduction at the sentencing hearing of "any other mitigating matter concerning the character or record of the defendant or the circumstances of his offense." The statute clearly refers to mitigating matters, whether these matters concern the character or the record of the defendant or the circumstances of the offense. The issue on direct appeal was framed in terms of mitigating evidence that included both character and background evidence.[6] Since both character and background evidence are subject to rebuttal with evidence of prior bad acts, appellant has failed to demonstrate how his claim is substantively different from the one finally litigated in this court on direct appeal and discussed above.

■ Appellant also argues that this court erred in its prior ruling on direct appeal because it misread *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981). In *Peterkin*, 511 Pa. at 318, 513 A.2d at 382–383, this court stated the controlling rule: "although evidence of good character may not be rebutted by evidence of specific acts of misconduct, a character witness may be cross-examined regarding his knowledge of particular acts of misconduct by the defendant to test the accuracy of his testimony and the standard by which he measures reputation." This court then addressed *Commonwealth v. Scott* in note 13, 511 Pa. at 319 n. 13, 513 A.2d at 383 n. 13, as follows:

**5.** He claims he would offer seven potential witnesses, a brother, sister, foster mother, foster sister and three others, all of whom would testify to his "excellent reputation in the community for being a peaceful, nonviolent individual."

**6.** *See Peterkin,* 511 Pa at 299, 513 A.2d at 373 where this court stated: Next, appellant contends that trial counsel breached his duty to present mitigating evidence at the sentencing hearing, thereby preventing appellant from appearing human to the jury, and from the jury hearing a true appeal for appellant's life. Appellant suggests that evidence regarding his military background, his ability as a mechanic and his friendships could have been presented.

We note that in *Commonwealth v. Scott,* [496 Pa. 188, 436 A.2d 607 (1981)] we abrogated the rule which permitted the cross-examiner to ask a character witness whether he has heard of other particular crimes or arrests of the accused related to the character trait vouched for on direct. The Scott decision was founded upon the "undue prejudice" inherent in the knowledge of prior arrests. The instant case is distinguishable from *Scott* in that none of the conduct of appellant which defense counsel feared might be raised in cross-examination of defense witnesses involved arrests.

The *Scott* decision was properly considered by this court in appellant's direct appeal. Since none of the conduct in the appellant's case involved arrests, trial counsel's concern for damaging cross-examination was a reasonable basis not to pursue character or background witnesses because the witnesses would have been susceptible to cross-examination regarding the appellant's particular acts of misconduct. Appellant's claim has no merit.

 Appellant also argues that the death penalty must be set aside because trial counsel was ineffective for presenting an inadequate closing argument, and that post-trial counsel were ineffective for failing to properly raise the issue. Appellant faults the brief summation presented by trial counsel, alleging a lack of any substance to the argument with a resulting denial of his right of allocution. The brevity of an attorney's closing does not indicate that assistance was ill-provided; indeed, counsel may reasonably decide not to make any summation at all. *Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1976); *Commonwealth v. Gambrell,* 450 Pa. 290, 301 A.2d 596 (1973). To concede some points while concentrating on more important ones is permissible and, indeed, the essence of advocacy. *Commonwealth v. Hudson,* 455 Pa. 117, 314 A.2d 231 (1974).

In this case, trial counsel did not waive appellant's right to summation; rather, he strategically and succinctly attempted to rebut the sentence of death sought by the prosecution. For

example, counsel argued that the police testimony that the appellant did not have a significant criminal record established a mitigating circumstance, that the Commonwealth had failed to prove beyond a reasonable doubt the grounds on which the prosecution sought the death penalty, and that the evidence was speculative or, at best, uncertain.

Appellant nevertheless contends that counsel should have referred to the "catch-all" mitigation provision of 42 Pa.C.S. § 9711(e)(8) discussed above. Appellant now proffers, as a mitigating matter, the argument that the crimes were aberrant behavior for him in light of his previous work history. If counsel had raised the appellant's previous work record, the reference to work would only have highlighted and reminded the jury that it was appellant's former workplace where he committed the murders. Counsel's strategy not to divert the jury and cogently to restate appellant's position was reasonable. Appellant's claim is meritless and appellate counsel can not be deemed ineffective for failing to raise a meritless claim.

Appellant's final argument is that the prosecutor's closing argument at sentencing was misconduct and that counsel was ineffective for failing to object to this alleged error. First, appellant claims that the prosecutor's statement that the Commonwealth's "best witnesses [the victims] are not here" was improper. The statement read in full: "Our best witnesses are not here. I'm sure if [victim] Mr. Smith was here or [victim] Mr. Presbery was here they would tell you that it was not my choice to go this way, it was not my choice to go in that kind of pain." Appellant asserts that this argument is virtually identical to closing arguments found improper in *Commonwealth v. Lipscomb*, 455 Pa. 525, 317 A.2d 205 (1974) and other cases. In *Lipscomb*, this court held that the prosecution's remarks exceeded the bounds of propriety and constituted an appeal to the passions and prejudices of the jury. There, the prosecutor's remarks referred to the absence of his best witness (the victim) and estimated that if the victim could come back, he would say he did not want to die. *Lipscomb*, 455 Pa. at 207, 317 A.2d at 528. This court

recently reiterated that prejudice "might arise if such reference to the victim has the effect of arousing the jury's emotions to such a degree that it becomes impossible to impose a sentence based on the relevant evidence...." *Commonwealth v. Duffey,* 519 Pa. 348, 371, 548 A.2d 1178, 1189 (1988).

Appellant has failed to demonstrate that the prosecutor's remarks prejudiced the jury. The prosecutor's argument was an attempt to explain why the prosecution had no witnesses to prove the aggravating circumstance of killing a victim to prevent him from testifying. *See* 42 Pa.C.S. § 9711(d)(5). Defense counsel had argued that the Commonwealth failed to show that the second victim had been a witness to the murder. The prosecutor then specifically addressed this argument and made an isolated reference to the victim, not to impassion the jury, but to properly address the reason for the absence of witnesses to prove this aggravating circumstance. Moreover, the trial court immediately charged the jury after the prosecution's summation that it "should not decide out of any feelings of vengeance or prejudice towards the petitioner." Hence, any possibility that the statements of the prosecutor improperly appealed to the passions of the jury was immediately addressed and corrected by the trial court prior to deliberations.

Second, appellant contends that the prosecutor improperly expressed his own personal opinion. A prosecutor may not offer his personal opinion as to the guilt of the accused either in argument or in testimony from the stand. *Commonwealth v. D'Amato,* 514 Pa. 471, 489, 526 A.2d 300, 309 (1987); *Commonwealth v. DiNicola,* 503 Pa. 90, 468 A.2d 1078 (1983). Also, the prosecutor may not express a personal belief or opinion as to the truth or falsity of the evidence of guilt. *Commonwealth v. Anderson,* 501 Pa. 275, 461 A.2d 208 (1983); *Commonwealth v. Kuebler,* 484 Pa. 358, 399 A.2d 116 (1979). Appellant argues that the following prosecutor's statement violated the above rules: "I'm not asking you, ladies and gentleman, to do anything I wouldn't do. I'm not asking you to do anything that a reasonable person would not do under

the circumstances." Appellant claims that the prosecutor was telling the jury that if he was a juror, he would return a death penalty verdict. The prosecutor's statement, however, was a mere request that the jury reach a verdict that any reasonable person, whether the person be a prosecutor or not, would return faced with these set of facts.

Third, appellant claims that the prosecutor improperly asked the jury to "[s]end out a message about the conduct engaged in by that man [appellant] as he sits passively at that table, [that his conduct] cannot be condoned among civilized men." In *Commonwealth v. Crawley*, 514 Pa. 539, 559, 526 A.2d 334, 344 (1987), this court held that it was extremely prejudicial for a prosecutor to exhort a jury to return a death sentence as a message to the judicial system. Appellant has failed to demonstrate any impropriety. The passage that follows the cited passage is critical: "Tell him [appellant] what you did, when you did it, how you did and for the reason that you did it you must die." Read together, the only message the prosecutor exhorted the jury to send was a message to appellant. Appellant has failed to demonstrate ineffectiveness in any of the above three situations and, therefore, the issue of prosecutorial misconduct is meritless.

The order of the Court of Common Pleas of Philadelphia County is affirmed.

MONTEMURO, J., is sitting by designation.