COMMONWEALTH of Pennsylvania, Appellee,

v.

**Paul Leroy ERVIN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 24, 2000.
Filed Dec. 29, 2000.
Reargument Denied March 5, 2001.

---

S. Lee Ruslander, West Chester, for appellant.

Alan M. Rubenstein, Assistant District Attorney, Doylestown, for Com., appellee.

Before POPOVICH, TODD, JJ. and CIRILLO, President Judge Emeritus.*

TODD, J.:

¶ 1 Paul Leroy Ervin appeals the order of the Bucks County Court of Common Pleas denying his request for relief under the Post Conviction Relief Act ("PCRA").[1] We affirm.

¶ 2 On December 13, 1995, following a jury trial on charges related to Ervin's molestation of his then 10–year–old daughter, A.T., and then 11 year old daughter, M.T.—both of whom testified against their

---

* This Opinion originally was issued as an unpublished Memorandum in which President Judge Emeritus Cirillo joined. Subsequently, we granted Appellant's motion to publish.

Judge Cirillo died before this Opinion was issued.

1. 42 Pa.C.S.A. §§ 9541–9546.

father—Ervin was convicted of three counts of rape,[2] four counts of involuntary deviate sexual intercourse,[3] five counts of aggravated indecent assault,[4] nine counts of indecent assault,[5] two counts of endangering welfare of children,[6] and one count each of incest,[7] indecent exposure,[8] statutory sexual assault,[9] and sexual assault,[10] on two consolidated informations. He was sentenced to an aggregate term of 7 to 15 years imprisonment.

¶ 3 We need not repeat the sordid background facts of this case as they were recounted by this Court in Ervin's direct appeal. *See Commonwealth v. Ervin,* 456 Pa.Super. 782, 691 A.2d 966, 968 969 (1997). In that appeal, Ervin's judgment of sentence was affirmed and, on September 3, 1997, his petition for allowance of appeal was denied by our Supreme Court. *See Commonwealth v. Ervin,* 549 Pa. 696, 700 A.2d 438 (1997). Ervin then filed a timely PCRA petition, predominately asserting ineffective assistance of trial and appellate counsel, and seeking a new trial. After a hearing on March 19, 1999, the PCRA court issued an order denying relief and Ervin filed this timely appeal.

¶ 4 On appeal, Ervin asserts the following issues for review:

(1) Whether prior counsel were ineffective for failing to object and raise on direct appeal, on constitutional and evidentiary grounds, the prosecutor's introduction of the non-testifying defendant's silence while in the presence of the police as substantive evidence of guilt and the prosecutor's exploitation of that silence when he argued to the jury that if the defendant had done nothing

wrong he would have protested his innocence rather than remain silent?

(2) Whether prior counsel were ineffective for not objecting or raising on appeal, improper, pejorative, and prejudicial references in the prosecutor's closing argument, when he accused the defense attorney and defense witnesses of engaging in a cover-up, expressed his personal opinion on credibility, used the defendant's silence as evidence of guilt, and urged the jury to reward the courage of the defendant's daughters with a guilty verdict.

(3) Whether trial counsel was ineffective for not calling character witnesses at trial and whether post[-]trial counsel was ineffective in his handling of this claim on appeal when the failure to call the witnesses at trial was based on trial counsel's erroneous belief that character witnesses could be cross-examined about a prior arrest even though that charge had been dismissed?

(Brief for Appellant, at 8.)

¶ 5 To prevail on a claim of ineffectiveness of counsel, an appellant "must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." *Commonwealth v. Wallace,* 555 Pa. 397, 407, 724 A.2d 916, 921 (1999). It is the appellant's burden to prove all three prongs of this standard. *See Commonwealth v. Travaglia,* 541 Pa. 108, 118, 661 A.2d 352, 357 (1995). To sustain a claim of ineffectiveness, counsel's approach must be "so unreasonable that no

---

**2.** 18 Pa.C.S.A. § 3121.

**3.** 18 Pa.C.S.A. § 3123.

**4.** 18 Pa.C.S.A. § 3125.

**5.** 18 Pa.C.S.A. § 3126.

**6.** 18 Pa.C.S.A. § 4304.

**7.** 18 Pa.C.S.A. § 4302.

**8.** 18 Pa.C.S.A. § 3127.

**9.** 18 Pa.C.S.A. § 3122.1.

**10.** 18 Pa.C.S.A. § 3124.1.

competent lawyer would have chosen it." *Commonwealth v. Miller*, 494 Pa. 229, 233, 431 A.2d 233, 234 (1981).

¶ 6 Ervin's first issue concerns whether prior counsel were ineffective for failing to object to, and raise on direct appeal,[11] the prosecutor's introduction of evidence of Ervin's pre-arrest silence and the prosecutor's commentary on the same during closing argument, given that Ervin did not testify at trial. On direct examination, the prosecutor questioned two officers regarding the night they came to Ervin's house, not to arrest him, but to remove his two children in response to their mother's report of molestation. Several times the officers commented that Ervin did not question them or say anything while they removed his children. (N.T. Trial, 12/12/95, at 164, 167, 185.) Further, in his closing arguments, the prosecutor made the following comments:

> Finally, you have heard from the two police officers. On the night that the police came in nothing, [noting], odor of alcohol, he was under the influence maybe, nothing else. If somebody comes into your home at two a.m. or one a.m. in the morning, takes your three children, you stand there and say, "See you, wouldn't want to be you"? The outrage, the outrage that you should have, the questions that you should have. You have done nothing wrong, why are you taking my children? I have done nothing wrong.

(N.T. Trial, 12/13/95, at 40.)[12]

¶ 7 Given the potential prejudicial impact of such evidence and argument, we agree that Ervin's claim of ineffectiveness has arguable merit. At the PCRA hearing, however, Ervin did not question trial counsel concerning why he failed to object to the prosecutor's questioning and argu-

ment; therefore, we have no way of determining whether trial counsel may have had a reasonable basis for not objecting. It is the defendant's burden to establish each element of the ineffectiveness standard and we will not speculate as to counsel's rationale. *See Travaglia*, 541 Pa. at 118, 661 A.2d at 357. Ervin does not dispute that there was no testimony at the PCRA hearing regarding trial counsel's basis for failing to object. (Brief for Appellant, at 32.) Rather, he asserts that a review of the record nonetheless reveals that there was no such basis. (*Id.*) We disagree.

¶ 8 The Superior Court recently held that "a defendant's pre-arrest silence may not be admitted into evidence when the defendant does not testify at his own trial." *Commonwealth v. DiNicola*, 751 A.2d 197, 201 (Pa.Super.2000). However, before this decision and thus at the time of Ervin's trial, the state of the law was unclear. Indeed, in *DiNicola*, this Court, in reviewing the case law concerning the constitutional ramifications of references to a defendant's pre-arrest silence, commented: "Because the Pennsylvania courts have not addressed the issue of the admissibility of pre-arrest silence when the defendant does not testify at his own trial, we turn to other jurisdictions for guidance." *Id.* at 201.

¶ 9 Therefore, this is not a case such as *Commonwealth v. Clark*, 533 Pa. 579, 586, 626 A.2d 154, 157 (1993) cited by Ervin where the Supreme Court concluded without testimony of counsel that the state of the law was so clear, and the prejudice so obvious, that counsel could not have had a reasonable basis for failing to object. We cannot, on this record, conclude that counsel lacked any reasonable basis for failing to object.[13]

---

11. If trial counsel were ineffective, then appellate counsel was necessarily ineffective for failing to bring that claim.

12. The attribution of the quote "See you, wouldn't want to be you" to Ervin by the

prosecutor is puzzling as the record shows that Ervin said nothing to the police officers.

13. We also reject Ervin's contention that he was in police custody when they came to remove his children, a conclusion which

¶ 10 In addition, we agree with the PCRA court that Ervin has failed to show that he was prejudiced by the introduction of this evidence and argument, that the outcome of the trial would have been different without the references to his pre-arrest silence. *See Commonwealth v. Kimball,* 555 Pa. 299, 309, 724 A.2d 326, 331 (1999) (noting that to show prejudice, defendant must show "reasonable probability" that the outcome of the trial would have been different). We are convinced that in the context of trial as a whole the forceful testimony of the two girls, together with the medical expert testimony about the probable causes of the deformation of A.T.'s hymen—that Ervin would have been convicted without this evidence and argument. Therefore, because we conclude Ervin has failed to show counsel lacked a reasonable basis for his actions and because he was not prejudiced, we reject this claim of ineffectiveness.[14]

 ¶ 11 Ervin next contends that prior counsel were ineffective for not objecting to, or pursuing on direct appeal, what he terms improper, pejorative, and prejudicial references in the prosecutor's closing argument, in addition to the reference already discussed above. We initially note that a "prosecutor's remarks fall within the ambit of fair comment if they are supported by evidence and they contain inferences which are reasonably derived from that evidence." *Common-*

*wealth v. Hardcastle,* 519 Pa. 236, 254, 546 A.2d 1101, 1109 (1988). Further,

[a] new trial is not mandated every time a prosecutor makes an intemperate or improper remark. To constitute reversible error, the language must be such that its unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility towards the defendant, so that they could not weigh the evidence and render a true verdict.

*Id.*

 ¶ 12 Ervin first cites as objectionable the prosecutor's commentary on defense counsel's closing arguments. In his closing, defense counsel noted that it was a "daunting task" to defend a defendant accused by "two small, cute, normal little girls for all appearances" of such "unspeakable" charges. (N.T. Trial, 12/13/95, at 2–3.) In his closing, the prosecutor made light of this reference by commenting:

He told you that he had a daunting task before you, ladies and gentlemen, and I would agree with that, because it is a very daunting task when a person is attempting to cover up the truth.

[Objection by counsel overruled by court.]

Thank you Your Honor. It is a daunting, very daunting task when a defense has to be presented that covers up the

---

would raise the constitutional import of references to his silence at trial. *See Commonwealth v. Drass,* 718 A.2d 816, 821 (Pa.Super.1998) ("It is well settled that a clear violation of the accused's constitutional right against self-incrimination results from references to accused's silence while in police custody.") The record shows that the police stated that their sole reason for being at his house was to remove the children. Ervin was not detained by the police; he was not questioned; he was only told to go downstairs and wait so that he could not interfere while they removed the children. In short, we find nothing in the record to suggest that Ervin was in custody or subjected to custodial interrogation. *See Commonwealth v. Zogby,* 455 Pa.Super. 621, 689 A.2d 280, 282 (1997) ("A person is deemed

in custodial interrogation if he is placed in a situation in which he reasonably believes that his freedom of action is restricted by the interrogation.").

14. Ervin also argues that counsel should have objected to the prosecutor's questions on evidentiary grounds, that Ervin's silence in the presence of the officers did not constitute a "tacit admission" and thus was not admissible as such. We need not analyze this claim in any detail as it must fail for the same reason as his constitutionally-based claim: Ervin has not shown that trial counsel lacked a reasonable basis for failing to object, and we conclude the evidence did not prejudice him.

truth. He made a comment that the adults may want to protect children, and it is your feeling to protect children. I will take it a step further. It's your obligation to protect children ... that are victimized in a way such as this.

(N.T. Trial, 12/13/95, at 24–25.) We find such commentary to be well within the province of the prosecutor to comment on the evidence and respond to arguments made by defense counsel.

■ ¶ 13 Next, Ervin refers to several additional portions of the prosecutor's closing argument, which he asserts were also inappropriate:

Holly Ervin [Ervin's wife] testified. If you disbelieve one word she said, you can disregard the whole testimony. Let's build the defense, let's take a walk in the park, let's do what we can, build a defense, let's build an excuse, let's build an alibi, three days before the trial we are still at it.... But interestingly enough, last Thursday upon the request of her attorney, both her and [Ervin] walked up to the pond. Now all of a sudden it's taking all this time. Ladies and Gentlemen, think of the motives that I addressed to you in my opening, the reasons to lie. She has been living with this man throughout, she hasn't believed this throughout. Why?

(N.T. Trial, 12/13/95, at 29–30.)

Remember the conversation [Ervin] had with the police? Do you remember when the police testified he said he was home from work at 5:00. Holly Ervin now says 3:00. He said he went to High Point swimming pool. He didn't go to High Point swimming pool. He said he went for a walk to the pond, it took ten minutes. We now know that they are saying something different. This little interview took place on the 3rd of July before the defense attorney was making requests of them, before they got together, before Holly talked about it with him extensively, before they talked about it with their attorney extensively. This is what he told us in the very

beginning, and we know now each and every one of those statements are lies.

(*Id.* at 32–33.)

It took great courage for [A.T. and M.T.] to come up here, it took great courage for [A.T.] to get up here and tell you what happened, took great courage for [M.T.] to follow this through, for [A.T.] to follow this through, and, ladies and gentlemen, it's going to take courage for you. Please see their courage through, please see their courage through, and if you do, if you make their courage count, if you let the community know that this will not be tolerated, not in our community, not anywhere I am, if you let this courage count, then you will find the defendant guilty of all charges. Thank you.

(*Id.* at 41.) We agree with the PCRA Court that these comments were permissible when examined in the context of the entire trial. As we find that the prosecutor's argument was not objectionable, we must conclude that Ervin's assertion of counsel's ineffectiveness for failing to object lacks arguable merit and, therefore, we reject this claim.

¶ 14 Ervin finally contends that trial counsel was ineffective for not calling character witnesses at trial. This claim was dismissed on direct appeal because appellate counsel failed to offer sufficient proof regarding the substance or import of this testimony, *see Ervin*, 691 A.2d at 971, and, therefore, Ervin additionally asserts appellate counsel's ineffectiveness on this point.

■ ¶ 15 In order to establish a claim for ineffective assistance of counsel based on the failure to call a witness or witnesses, a defendant must establish that: (1) the witness existed; (2) the witness was available to testify; (3) counsel was informed of the existence of the witness or where counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for defendant at trial; and (5) the absence of the testimony prejudiced defendant so as to

deny him a fair trial. *See Commonwealth v. Lilliock,* 740 A.2d 237, 245 (Pa.Super.1999).

¶ 16 Ervin attached to his PCRA petition the affidavits of five witnesses which stated that that they were ready and willing to testify to his good character. We accept, for purposes of this analysis, that Ervin's claim has arguable merit. However, we nonetheless find that Ervin's claim fails because we agree with the PCRA court that trial counsel had a reasonable basis for failing to call the witnesses.

¶ 17 At the PCRA hearing, trial counsel testified that he had two reasons for not calling the character witnesses. First, some of the witnesses were associated with the Boy Scouts or children's sporting events, and he considered that they would be inappropriate witnesses in light of the charges against Ervin. (N.T. PCRA Hearing, 3/19/99, at 16–17.) We find this rationale to be reasonable.

¶ 18 Second, trial counsel stated that he was concerned that character evidence would open the door to testimony about Ervin's arrest for allegedly raping his sister in the mid 1980s. (*Id.* at 12–23.) At the hearing, trial counsel conceded his misapprehension of the law on this second point that, in fact, the Supreme Court in *Commonwealth v. Scott,* 496 Pa. 188, 436 A.2d 607 (1981), held that it is unfairly prejudicial to cross-examine character witnesses about their knowledge of an arrest which has not led to conviction. Nonetheless, counsel's concern about references to Ervin's past misconduct was not unreasonable as cross-examination concerning this misconduct could have come in at least at the time of his trial to test the standard by which the witness measured Ervin's reputation.[15] *See Commonwealth v. Peterkin,* 538 Pa. 455, 467–68, 649 A.2d 121, 127

(1994) (holding that "trial counsel's concern for damaging cross-examination was a reasonable basis not to pursue character or background witnesses because the witnesses would have been susceptible to cross-examination regarding the appellant's particular acts of misconduct" which did not involve arrest). Further, trial counsel testified that he would have made the same decision even if he had been aware of the *Scott* decision. (N.T. PCRA Hearing, 3/19/99, at 21–22.) Therefore, for all these reasons, we find that trial counsel had a reasonable basis for failing to call the character witnesses and, therefore, we must reject Ervin's claim.

¶ 19 Having rejected each of Ervin's ineffectiveness claims, we affirm the order of the PCRA Court.

¶ 20 Order affirmed.

---

**15.** Not until the Supreme Court's recent decision in *Commonwealth v. Morgan,* 559 Pa. 248, 739 A.2d 1033 (1999), was it clear that all such cross-examination was impermissible. *Id.* at 255, 739 A.2d at 1037 ("[W]e find that the trial court abused its discretion in

ruling that the Commonwealth was entitled to cross-examine Appellant's proposed character witnesses about their knowledge of allegations in the community that Appellant had previously committed offenses similar to the ones at issue.").