179 F.Supp.2d 518 (2002)
Otis PETERKIN
v.
Martin HORN, et al.
Civ.A. No. 95-CV-3989.
United States District Court, E.D. Pennsylvania.
January 7, 2002.
*519 Stephen A. Whinston, Berger & Montague, P.C., Kathy Swedlow, Defender Association of Philadelphia, Federal Court Division, Kenneth L. Fox, Law Offices of Kenneth L. Fox, Billy H. Nolas, Michael Wiseman, Defender Association of Philadelphia, Philadelphia, PA, for petitioner.
Peter J. Gardner, District Attorney's Office, Donna G. Zucker, Philadelphia, PA, for respondents.

MEMORANDUM AND ORDER
JOYNER, District Judge.
Petitioner, Otis Peterkin, now moves the Court for reconsideration of that portion of our November 6, 2001 Memorandum and Order which denied his petition for habeas corpus on the grounds that his Eighth and Fourteenth Amendment rights were violated by the trial court's instructions to the jury on aggravating and mitigating circumstances. For the reasons which follow, Petitioner's motion shall be granted and the November 6, 2001 Memorandum and Order amended accordingly.

Background
As outlined in greater detail in the November 6th Memorandum, in September, 1982 Petitioner was convicted of two counts of capital murder and one count each of robbery and possession of an instrument of crime. He was sentenced to death on the murder convictions, ten to twenty years' imprisonment on the robbery conviction and two and one-half to five years for possession of an instrument of crime. Petitioner subsequently appealed his convictions and sentences to the Pennsylvania Supreme Court which upheld them in 1986.[1] In 1987, Mr. Peterkin's petition for writ of certiorari to the U.S. Supreme Court was denied.[2] Shortly thereafter, Petitioner filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. § 9541, et seq. After the eventual appointment of counsel, the Pennsylvania Supreme Court again upheld the trial court's denial of Mr. Peterkin's PCRA petition in 1994 and the *520 U.S. Supreme Court again denied certiorari in 1995.[3]
On December 6, 1996, Mr. Peterkin filed a petition for writ of habeas corpus in this Court. One month later, he filed a second petition for relief under the Pennsylvania Post Conviction Relief Act and on December 16, 1998, this Court dismissed the petition for writ of habeas corpus without prejudice for failure to fully exhaust all state court remedies. The Pennsylvania Supreme Court thereafter denied Mr. Peterkin's second PCRA petition as then being barred on December 21, 1998.[4] This Court then reinstated the petition for writ of habeas corpus on January 28, 1999 and the petition was subsequently granted in part and a new trial ordered on November 6, 2001. It is to that portion of our November 6, 2001 decision which denied his application for a new sentencing hearing on the basis of the trial court's jury instructions regarding a finding of aggravating and mitigating circumstances that Mr. Peterkin now objects and which is the basis of this motion for reconsideration. The Commonwealth, in turn, has filed no response in opposition to Petitioner's motion.

Standards Governing Motions for Reconsideration
It has long been held that the purpose of a motion for reconsideration, is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), citing inter alia, North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995); U.S. v. Martorano, No. CIV. A. 83-314-1, 2001 WL 1609840 (E.D.Pa. Dec. 11, 2001).

Discussion
In his petition for habeas relief, Mr. Peterkin sought to, inter alia, again challenge his trial counsel's effectiveness for failing to object to the trial court's instructions to the jury during the penalty phase of the trial. Specifically, Petitioner argued, as he had on his first PCRA application, that the trial judge erroneously failed to instruct the jury that they need not be unanimous in finding mitigating circumstances in accord with Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988).
In Mills, a convicted first degree murderer sought to overturn his death sentence on the ground that the Maryland capital punishment statute, as explained to the jury in his case by both the trial judge and the verdict form, unconstitutionally required imposition of the death sentence if the jury unanimously found an aggravating circumstance but could not unanimously agree as to the existence of any particular mitigating circumstance. Thus, Mills argued, even if some or all of the jurors were to believe that some mitigating circumstance(s) were present, unless all of the jurors could unanimously agree on the existence *521 of the same mitigating factor, the sentence necessarily would be death.
In evaluating the instructions and verdict form in that case, the Supreme Court agreed with the petitioner that there was indeed a substantial likelihood that the jury in his case had mistakenly understood that unanimity on any of the mitigating circumstances was required. It therefore held that if it was possible that a reasonable jury could have thought that they were precluded from considering any mitigating evidence unless all 12 of them agreed on the existence of a particular mitigating circumstance, then a single juror could block such consideration and the instructions would be unconstitutional. See, Mills, 486 U.S. at 384, 108 S.Ct. at 1870. This standard was further refined by the Court in Boyde v. California, 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990) when it held that where there is a reasonable likelihood that the jurors understood the challenged instructions to preclude consideration of relevant mitigating evidence offered by the petitioner, i.e., where there is a reasonable likelihood that a reasonable jury could have interpreted the instructions in an unconstitutional manner, then a violation of the Eighth and Fourteenth Amendments has occurred. See, Boyde, 494 U.S. at 386, 110 S.Ct. at 1201.
In denying Petitioner Peterkin relief on his jury instruction challenge, we concluded that he had not met his burden of rebutting the presumption that the state court's decision on this issue was correct. In so holding, we erred in our application of the law and neglected to examine the jury instructions as a whole. Moreover, we were further unaware that the U.S. Court of Appeals for the Third Circuit had, less than one week earlier, carefully examined a nearly identical instruction and found it violative of Mills. See: Banks v. Horn, 271 F.3d 527 (3d Cir.2001). Indeed, a comparison of the instructions in Banks with those in Peterkin is instructive. Specifically, the Banks instructions were as follows:
"Members of the jury, you must now decide whether the defendant in this case is to be sentenced to death or to life imprisonment on each of the Informations upon which you have returned a verdict of guilty of murder in the first degree. The sentence you will impose will depend on your findings concerning aggravating and mitigating circumstances. The Crimes Code in the Commonwealth provides that the verdict must be a sentence of death if the jury unanimously finds at least one aggravating circumstance and no mitigating circumstances, or if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstance or circumstances.
Remember, under the law of this Commonwealth, your verdict must be a sentence of death if you unanimously find at least one aggravating circumstance and no mitigating circumstances, or if you unanimously find one or more aggravating circumstances which then outweigh any mitigating circumstances.
In all other cases, your verdict would be life imprisonment. Once again, the Commonwealth has the burden of proving aggravating circumstances beyond a reasonable doubt. The defendant has the burden of proving mitigating circumstances by a preponderance of the evidence.
If, after conscientious and thorough deliberations, you are unable to agree on your findings and your verdict, you should report that to me."
In the case at bar, the trial judge instructed the jury thusly:

*522 "Members of the jury, you must now decide whether the Defendant is to be sentenced to death or life imprisonment. The sentence will depend upon your findings concerning aggravating and mitigating circumstances. The Crimes Code provides that the verdict must be a sentence of death if the jury unanimously finds at least one aggravating circumstance and no mitigating circumstance or if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstance.
The verdict must be a sentence of life imprisonment in all other cases. The Crimes Code defines aggravating and mitigating circumstances. The Commonwealth has the burden of proving aggravating circumstances beyond a reasonable doubt. The Defendant has the burden of proving mitigating circumstances but only by a preponderance of the evidence. This is a lesser burden of proof than beyond a reasonable doubt. A preponderance of the evidence exists where one side is more believable than the other side. All the evidence you heard earlier during the trial in chief as to aggravating or mitigating circumstances is important and proper for you to consider.
Now the verdict is for you, members of the jury. Remember and consider all of the evidence giving it the weight to which it is entitled. Remember that you are not merely recommending a punishment. The verdict you return will actually fix the punishment at death or life imprisonment. Remember again that your verdict must be unanimous. It cannot be reached by a majority vote or by any percentage. It must be a verdict of each and every one of you. Remember that your verdict must be a sentence of death if you unanimously find at least one aggravating circumstance and no mitigating circumstances or if you unanimously find one or more aggravating circumstances which outweigh any mitigating circumstances. In all other cases, your verdict must be a sentence of life imprisonment ..."
In now re-examining the instructions given to the jury by the trial judge in the context of this case as a whole and in light of the Banks v. Horn decision, we must now agree with Petitioner that there exists "a reasonable likelihood that the jury applied the foregoing instruction in such a way that prevented the consideration of constitutionally relevant (i.e. mitigating circumstances) evidence." Banks, 271 F.3d at 549 quoting Boyde, 494 U.S. at 380, 110 S.Ct. at 1190. Indeed, the instructions which Judge Sabo gave to Mr. Peterkin's jury with respect to aggravating and mitigating circumstances and the manner in which they should be weighed virtually mirror those given to Mr. Banks' jury. We shall therefore adopt the Third Circuit's finding in that case that "the instructions are in themselves ambiguous, allowing for a jury to infer that the requirement of unanimity applies both to aggravating and mitigating circumstances and there is no way that a juror would understand that a mitigating circumstance could be considered by less than all jurors." Banks, 271 F.3d at 548. Likewise, the Third Circuit's conclusion that "a reasonable juror could readily infer from the fact that the distinctions between the burden of proof were explained but no mention made of a distinction between a requirement of unanimity for a finding of aggravating circumstances and the requirement for mitigating circumstances, that the same requirement of unanimity applied" is equally applicable here. Id. We therefore find that Petitioner is entitled to habeas relief for the same *523 reasons set forth in Banks.[5]
It is for all of the foregoing reasons that Petitioner's Motion shall be granted pursuant to the attached order and this Court's November 6, 2001 Memorandum and Order appropriately amended.

ORDER
AND NOW, this day of January, 2002, upon consideration of Petitioner's Motion for Reconsideration and to Alter and/or Amend Judgment, and it appearing to the Court that Respondent has no opposition thereto and that good cause exists therefor, it is hereby ORDERED that the Motion is GRANTED and the Memorandum and Order issued by this Court on November 6, 2001 is AMENDED to GRANT Petitioner's Petition for Writ of Habeas Corpus on the grounds that the trial court violated his Eighth and Fourteenth Amendment rights by failing to properly instruct the jury on the mitigating factors, the appropriate weighing of the aggravating and mitigating circumstances found and that they need not be unanimous in finding mitigating circumstances during the sentencing portion of Petitioner's trial.
NOTES
[1] Commonwealth v. Peterkin, 511 Pa. 299, 513 A.2d 373 (1986).
[2] Peterkin v. Pennsylvania, 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987).
[3] See, Commonwealth v. Peterkin, 538 Pa. 455, 649 A.2d 121 (1994) and Peterkin v. Pennsylvania, 515 U.S. 1137, 115 S.Ct. 2569, 132 L.Ed.2d 821 (1995).
[4] Commonwealth v. Peterkin, 554 Pa. 547, 554-555, 722 A.2d 638, 641 (1998).
[5] Even more recently, on December 18, 2001, Judge Yohn of this Court also had occasion to examine a jury charge which follows nearly verbatim the charge given in this case. In throwing out the death penalty and granting the petitioner in Abu-Jamal v. Horn, ___ F.Supp.2d ___, No. CIV.A. 99-5089, 2001 WL 1609690 (E.D.Pa. Dec. 18, 2001) a new sentencing on the basis of, inter alia, Mills and Banks, Judge Yohn further observed that the instruction regarding the two conditions under which the death penalty could be imposed (i.e. were the jury to find an aggravating circumstance and no mitigating circumstance or that the existent aggravating circumstance outweighed the mitigating circumstance) was repeated twice, thus highlighting and reinforcing the confusing effect of the first articulation of the instruction. Abu-Jamal, ___ F.Supp.2d at ___, 2001 WL at *124. Given that the same ambiguous instruction was also given twice to Mr. Peterkin's jury, we likewise reach the same conclusion as did the Court in Abu-Jamal that this petitioner is entitled to habeas corpus relief on the basis of this faulty instruction.