UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MATTHEW LEE DULANEY,
    *Defendant-Appellant.*

No. 01-4992

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CR-01-98)

Submitted: September 26, 2002

Decided: October 15, 2002

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David O. Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Matthew Lee Dulaney was convicted by jury of robbery of a federal credit union by force or violence, 18 U.S.C. § 2113(a) (2000). He was sentenced to 135 months imprisonment and a term of three years supervised release. Finding no error, we affirm Dulaney's conviction and sentence.

Dulaney appeals the denial of both his motion for judgment of acquittal and his motion for a new trial. Dulaney contends both motions were denied in error because there was insufficient evidence that he was the robber. We review de novo the district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The denial of a new trial by the district court is reviewed for abuse of discretion. *United States v. Huggins*, 191 F.3d 532, 536 (4th Cir. 1999). Testimony by James Mace established he and Dulaney stole the car used in the robbery. Mace further testified that Dulaney shared the proceeds with him. Richard Starcher testified that Dulaney described details of the robbery to him. Finally, a latent fingerprint in the stolen car matched Dulaney's prints. We find the district court did not err in denying Dulaney's motion of acquittal or his motion for a new trial because sufficient evidence was presented for a reasonable fact finder to find the Government established Dulaney's identity as the robber beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942).

Dulaney contends that he was denied hybrid representation or, alternatively, the court failed to inform him of his right to self representation. We note there is no right to hybrid representation. *United States v. Singleton*, 107 F.3d 1091, 1103 (4th Cir. 1997). To the extent Dulaney asserts error in the district court's failure to inform him of his right to self-representation in light of the claimed impaired attorney-client relationship, our review of the record does not establish that the district court had any reason to suspect such an impairment. The Sixth Amendment guarantees not only the right to be represented by counsel, but the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975). This right, however, must be

asserted (1) clearly and unequivocally; (2) knowingly, intelligently and voluntarily, and (3) in a timely manner. *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir.), *cert. denied*, 531 U.S. 994 (2000). Dulaney's assertion on the second day of trial that he wanted to represent himself with technical assistance from appointed counsel was neither clear and unequivocal nor timely. We find that the district court did not abuse its discretion in its denial of Dulaney's motion for hybrid or self-representation. *Bassette v. Thompson*, 915 F.2d 932, 942 (4th Cir. 1990).

Dulaney claims error in the denial of his pro se motion for a continuance at the pre-trial hearing. Counsel stated that he was prepared to proceed to trial on the date scheduled. We find the district court did not abuse its discretion in denying Dulaney's motion for a continuance. *United States v. Sampson*, 140 F.3d 585, 591 (4th Cir. 1998).

For the first time on appeal, Dulaney challenges the admissibility of testimony by the Government's fingerprint expert. *United States v. Plaza*, 179 F. Supp. 2d 492 (E.D. Pa.), *vacated*, 188 F. Supp. 2d 549 (E.D. Pa. 2002). This claim is meritless. *See United States v. Havvard*, 260 F.3d 597, 600 (7th Cir. 2001).

Dulaney raises two challenges to his sentence. This Court reviews a district court's factual findings for clear error and its application of the guidelines de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Both challenges involve increases to the offense level imposed as a result of Dulaney's attachment of a bank bag to the thumb of a teller using thumb cuffs. Dulaney told the teller that the bag contained a bomb. When police officers removed the bag, they found it contained a can of soup. We find the district court properly applied the guidelines to increase Dulaney's sentence by four offense levels for other use of a dangerous weapon. *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2)(D) (2000). We further find the district court properly increased Dulaney's sentence by two offense levels for the physical restraint of the teller. USSG § 2B3.1(b)(4)(B).

Finally, Dulaney asserts he received ineffective assistance of counsel because counsel failed to assist Dulaney in receiving a favorable ruling from the court as to self-representation with advisory counsel. This Court does not consider claims of ineffective assistance on direct

appeal unless counsel's ineffectiveness conclusively appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). Because the record does not conclusively establish that counsel was ineffective as asserted by Dulaney, these claims are more properly addressed in a motion under 28 U.S.C. § 2255 (2000).

Dulaney's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*