J-S60013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD ANDREW KESSELRING | |
| Appellant | No. 554 MDA 2014 |

Appeal from the PCRA Order March 4, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000196-2011

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                       **FILED APRIL 14, 2015**

Ronald Andrew Kesselring appeals from the order entered on March 4, 2014, in the Court of Common Pleas of Adams County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  Kesselring raises two issues in this timely appeal. He claims the PCRA court erred in determining trial counsel was not ineffective for (1) failing to challenge the existence of probable cause in the search warrant affidavit, and (2) failing to challenge the veracity of the search warrant affidavit, which was false by omission.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The relevant factual history of this matter is briefly stated.  On December 12, 2010, Reading Township Police Officer Eric Beyer went to

Kesselring's residence on a matter unrelated to this appeal. One of Officer Beyer's duties is as a firearms instructor, and he has received additional training regarding firearms. While he was there, he saw what appeared to be a small caliber rifle, sitting on top of Kesselring's refrigerator. Officer Beyer was approximately three feet away from the refrigerator at the time. The barrel of the rifle was pointed away from Officer Beyer. However, he could see the wooden stock of the gun and that it had a sticker on it. From his personal knowledge, he believed the gun was a .22 caliber Mossberg rifle, which had a similar wooden stock. Additionally, Mossberg was the only arms manufacturer he knew that put a sticker on the stock of its rifles. Kesselring's possession of a rifle had no direct relevance to why Officer Beyer was visiting that day, and Officer Beyer did not pick up the gun at that time. However, when he returned to the police station, Officer Beyer ran a background check on Kesselring and determined he was a previously convicted felon and was prohibited from legally possessing a firearm.

Based upon his observation at Kesselring's residence and his research into Kesselring's background, Officer Beyer obtained a search warrant for Kesselring's residence and garage.[1] When the warrant was served, the rifle was located and determined to be a spring activated pellet gun, which, therefore, Kesselring was legally entitled to own. However, while the

---

[1] Kesselring's business was conducted on the same property. The warrant allowed the search of all buildings.

warrant was being served, Kesselring admitted to owning two antique firearms. One was a .44 caliber cap and ball revolver and the other a .50 caliber flintlock rifle. Both of the weapons were seized and were subsequently determined to be fully functional. Kesselring was charged with two counts of illegal possession of a firearm. [2]

Counsel filed a motion to suppress the physical evidence, claiming the warrant was based upon false information, namely the misidentification of the BB gun. The motion to suppress was denied and Kesselring was subsequently convicted by a jury of both counts. Kesselring received an aggregate sentence of 11 months and 29 days to 23 months and 29 days' incarceration concurrent with 5 years of intermediate punishment, the first 18 months of which was to be served as house arrest. Kesselring filed a direct appeal that afforded him no relief. This timely PCRA petition followed.[3]

> In reviewing the denial of PCRA relief, we examine whether "the PCRA court's determinations are supported by the record and are free of legal error." **Commonwealth v. Robinson**, --- Pa. ----, ----, 82 A.3d 998, 1005 (2013) (quotation and quotation marks omitted). **See Commonwealth v. Strong**, 563 Pa. 455, 461 n. 3, 761 A.2d 1167, 1170 n. 3 (2000) ("Since most PCRA appeals involve ... issues raising mixed questions of fact and law, our standard of review is whether the findings of the PCRA court are

---

[2] 18 Pa.C.S. § 6105(a)(1).

[3] It is undisputed that this petition is timely, having been filed on October 4, 2013, approximately seven months after his sentence became final on March 21, 2013. Accordingly, we need not recite the PCRA's statutory time limits.

supported by the record and free of legal error.") (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Roney***, 622 Pa. 1, 16, 79 A.3d 595, 603 (2013) (citation omitted).

***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014).

Additionally, when examining a claim of ineffective assistance of counsel, we note,

> [t]rial counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Williams***, 524 Pa. 218, 570 A.2d 75, 81 (1990). Appellant must prove: (1) his underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) counsel's action or inaction caused him prejudice. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975-77 (1987); *see also* ***Commonwealth v. Gwynn***, 596 Pa. 398, 943 A.2d 940, 945 (2008). To demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001). When it is clear the party asserting an ineffectiveness claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 224-25 (2007) (citation omitted). Failure to meet any prong of the test will defeat an ineffectiveness claim. ***Id***., at 224. Counsel is not ineffective for failing to raise meritless claims. ***Commonwealth v. Peterkin***, 538 Pa. 455, 649 A.2d 121, 123 (1994) (citation omitted).

***Commonwealth v. Wright***, 961 A.2d 119, 148-49 (Pa. 2008) (footnote omitted).

Kesselring's first claim is that the PCRA court erred in determining that trial counsel was not ineffective for failing to challenge the existence of probable cause in the search warrant affidavit. Specifically, he argues the

- 4 -

affidavit of probable cause merely refers to Officer Beyer having observed a rifle, without any further explanation of the different possibilities of what "rifle" meant, or any accompanying explanation of how Officer Beyer came to the conclusion that what he had seen was a firearm.[4]

In analyzing this argument, the PCRA court took note of the legal principles applicable to the review of the sufficiency of an affidavit of probable cause. The PCRA court correctly stated:

> Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a 'totality of the circumstances' test as set forth in ***Illinois v. Gates***, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted in ***Commonwealth v. Gray***, 509 Pa. 476, 503 A.2d 931 (1985). A magistrate is to make a 'practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' The information offered to establish probable cause must be viewed in a common sense, non-technical manner. Probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause.

_____

[4] For purposes of 18 Pa.C.S. § 6105, a firearm is defined as:

> **(i) Firearm.--**As used in this section only, the term "firearm" shall include any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.

18 Pa.C.S. § 6106(i).

PCRA Court Opinion, 3/4/2014, at 4, quoting *Commonwealth v. Ryerson*,

817 A.2d 510, 513-14 (Pa. Super. 2003) (citation omitted).

Further, we note that when reviewing a challenge to the existence of

probable cause in support of a search warrant,

> "An affidavit of probable cause to support a search warrant does not require a prima facie showing of criminal activity on the part of the occupants of the premises to be searched." *Commonwealth v. Gutierrez*, 969 A.2d 584, 588 (Pa. Super. 2009) (quotation and quotation marks omitted), *appeal denied*, 603 Pa. 690, 983 A.2d 726 (2009). Moreover, "[a] reviewing court may not conduct a *de novo* review of the issuing authority's probable cause determination. The role of both the reviewing court and the appellate court is confined to determining whether there is substantial evidence in the record supporting the decision to issue the warrant." *Commonwealth v. Wallace*, 953 A.2d 1259, 1262 (Pa. Super. 2008) (quotation and quotation marks omitted), *reversed on other grounds,* 615 Pa. 395, 42 A.3d 1040 (2012). "We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause." *Commonwealth v. Rogers*, 419 Pa. Super. 122, 615 A.2d 55, 62 (1992).

*Commonwealth v. Bourgos*, 64 A.3d 641, 655-56 (Pa. Super. 2013).

The affidavit of probable cause states, in relevant part:

> I [Officer Eric B. Beyer, Reading Township Police Department] have been a police officer in the Commonwealth of Pennsylvania for approximately eleven years. Prior to becoming employed as a police officer, I attended and successfully completed the required basic training as outlined by the Municipal Police Officer's Education and Training Commission, through Harrisburg Area Community College. As a police officer, I am authorized by law to serve search warrants and make arrests. I am also a firearms instructor and have a familiarity with handguns, rifles, shotguns, and other firearms.

On 12 December 2010 at or about 1310 hrs., I went to 2630 Hunterstown-Hampton Road, New Oxford, Reading Township, Adams County, PA 17350, in an effort to follow up on a Harassment complaint. While at this location, I made contact with Ronald Ray Kesselring, who is the resident at this location. Kesselring is also the owner of Café's Custom Cycles, a business located in a detached building at this address. As such, Kesselring has unfettered access to the residence, business, and detached garage. Upon my arrival at 2630 Hunterstown-Hampton Road, New Oxford, Reading Township, Adams County, PA 173450 [sic], I was invited into the residence by Ronald Ray Kesselring, who, as the resident therein, has the right to permit entry. During my presence at this location, I observed what appeared to me, based upon my training, education, and experience, to be a functional rifle, on top of the refrigerator.

After completing my interview at 2630 Hunterstown-Hampton Road, New Oxford, Reading Township, Adams County, PA 17350, I obtained a criminal history via the National Crime Information Computer Systems, for Ronald Ray Kesselring. This criminal history shows that on 3 March 1987, Ronald Ray Kesselring was arrested, and subsequently convicted of a felony under the act of April 14, 1972, also known as the Controlled Substances, Drug, Device, and Cosmetic Act. As such, Ronald Ray Kesselring would be prohibited from possessing, using, manufacturing, controlling, selling or transferring firearms.

It has been my experience, based upon my training, education, and prior investigations, that persons that own and possess firearms will own or possess multiple firearms. My training, education and experience has shown that persons that possess firearms will possess them in multiple locations, such as their residence or business and other buildings that they may control.

Affidavit of Probable Cause, 12/14/2010.

Our review leads us to conclude the PCRA court committed no error dismissing Kesselring's claim that the affidavit did not provide probable cause. We agree with the PCRA court that in reading the entire affidavit, it is clear that Officer Beyer was referring to a firearm when he related that he

had seen a rifle in Kesselring's kitchen. We further agree, at least within the context of this matter, that the word "rifle" is a word of common use and understanding that does not require additional clarification. The affidavit uses the terms "rifle" and "firearm" interchangeably. This is especially relevant in the paragraph in which Officer Beyer states that as a convicted felon, Kesselring is not permitted to possess a firearm. While Kesselring argues "rifle" could be interpreted as any of a variety of devices, including spring loaded pellet guns, the affidavit makes no sense if a person was to assume that by "rifle", Officer Beyer meant any of the possible definitions, only one of which would be illegal for Kesselring to possess.

In essence, read in a common sense manner, the affidavit of probable cause sets forth Officer Beyer's familiarity with firearms, his belief that he saw a firearm in Kesselring's kitchen, and the fact that Kesselring has a felony conviction making it illegal for him to possess a firearm. These statements set forth probable cause to believe Kesselring was illegally in possession of a firearm. Accordingly, the PCRA court correctly determined trial counsel was not ineffective for failing to challenge the existence of probable cause in the search warrant.

Kesselring's second claim is that the PCRA court erred in determining trial counsel was ineffective for failing to challenge the veracity of the search warrant. Here, the PCRA court determined the issue had been previously litigated on direct appeal. *See Commonwealth v. Kesselring*, 55 A.3d

146 (Pa. Super. 2012) (unpublished memorandum).[5] Accordingly, pursuant to 42 Pa.C.S. § 9543(a)(3), the claim is not cognizable under the PCRA. Additionally, given that trial counsel did challenge the veracity of the information contained in the search warrant, counsel cannot have been ineffective for failing to do that which was done. Therefore, not only is this claim not cognizable under the PCRA, it is also substantively without merit.

Because the PCRA court's order is supported by the record and is free of legal errors, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015

_____

[5] Specifically, the claim raised on direct appeal was:

> Whether the Adams County Court of Common Pleas erred as a matter of law in denying [Kesselring's] Omnibus Pre-trial Motion to Suppress Evidence of the firearms seized was a result of the search warrant which was issued based upon false and inaccurate information contained in the Affidavit of Probable Cause?

*Id*. at 3.