J-S04019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTIAN VANCE JOY, | |
| Appellee | No. 860 MDA 2014 |

Appeal from the PCRA Order entered May 16, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0005188-2009

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

DISSENTING MEMORANDUM BY ALLEN, J.:          **FILED JUNE 25, 2015**

Respectfully, I dissent.  Concluding that Appellee had established all prongs of the tripartite ineffectiveness claim, the Majority affirms the PCRA court's granting Appellee a new trial.

My review of the record reveals that, even if Appellee's claim is of arguable merit, the PCRA court improperly assessed trial counsel's strategy, and improperly relied upon Appellee's speculation to establish the requisite prejudice.  I would reverse the PCRA court's order and deny Appellee post-conviction relief.

Our standard of review is well established:

> We review an order granting a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  ***Commonwealth v. Sam***, 597 Pa. 523, 952

*Retired Senior Judge assigned to the Superior Court.

A.2d 564, 573 (2008). This review is limited to the findings of the PCRA court and the evidence of record. *Id.* We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. *Id.* "Further, we afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Commonwealth v. Carter*, 21 A.3d 680, 681-82 (Pa. Super. 2011).

*Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*).

While we pay great deference to the findings of the PCRA court, "its legal determinations are subject to our plenary review." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). Furthermore, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Johnson*, 966 A.2d at 523. "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction;

and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires an appellant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Further, as our Supreme Court has reiterated, "we only inquire whether counsel had any reasonable basis for his actions, not if counsel pursued the best available option." *Commonwealth v. Philistin*, 53 A.3d 1, 10 (Pa. 2012) (citation omitted). Stated differently, counsel will not be deemed ineffective if any reasonable basis exists for counsel's actions. *Commonwealth v. Douglas*, 645 A.2d 226, 231 (Pa. 1994). Even if counsel had no reasonable basis for the course of conduct pursued, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's ineffectiveness standard. *Id.* at 232. When it is clear that an appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

Initially, the Majority concludes that "the money recovered from Appellee's person provided an important piece of circumstantial evidence relied upon by the Commonwealth in its attempt to prove that Appellee possessed the drugs and paraphernalia." Majority at 10. The PCRA court made no such conclusion, and I do not read the Commonwealth's

presentation of evidence to emphasize the amount of money found on Appellee's person. Indeed, this Court cited the following summary by the trial court when affirming the trial court's rejection of Appellee's challenge to the weight of the evidence:

> In its opinion explaining why it denied [Appellee's] post-sentence motion, the trial court discussed the circumstantial evidence supporting the inference that it was [Appellee] who possessed the bag and placed it on the bush. In so doing, the court noted that [Appellee] kept his hand in his pocket until he ran around the building, that Officer [Cover] saw no other people in the path of the pursuit, that the contraband in question was found unweathered on a bush in that path, and that [Appellee's] girlfriend tried to access [Appellee's] pockets during his arrest. Noting the evidence also indicated [Appellee] had little or no opportunity to see the plastic bag and/or other contraband after Officer [Cover] located that evidence on the bush, the court observed [Appellee] nonetheless remarked that he could not believe the police thought the contraband included marijuana.
>
> After discussing the foregoing evidence, the trial court reasoned there was no basis to disturb the jury's verdict. As part of its analysis, the court acknowledged that police found no drugs on [Appellee's] person and, further, recognized that there was no direct evidence showing [Appellee] possessed the bag and its contents. Nevertheless, the court determined those arguable weaknesses in the Commonwealth's case were not enough to render the jury's verdict shocking to the conscience given the overall proof offered at trial.

***Commonwealth v. Joy***, 62 A.3d 464 (Pa. Super. 2012), unpublished memorandum at 5-6. As noted above, the rationale did not include consideration of the $250 found in Appellee's pocket following his arrest.

Even conceding Appellee's claim is of arguable merit, I cannot agree with the Majority's conclusion that "Appellee proved trial counsel's strategy for not presenting the evidence of the source of the money is unreasonable." Majority at 10-11.

Trial counsel's entire testimony regarding his trial strategy is as follows:

> I didn't get the bank paperwork. I believe [Appellee] had 200 some dollars in his pocket and the bank records would have shown that he withdrew that.
>
> The reason I didn't get them was my strategy on the case was arguing it wasn't him. To me, the money issue was more if you were arguing possession with intent to deliver versus simple possession.
>
> But in this case, it was, like, 15 grams of PCP which would have been, like, a hundred ounces of cocaine. And I thought trying to argue simple possession was not doable.
>
> In retrospect - - actually after talking to [PCRA counsel] on the phone when you called me about the PCRA is when I realized maybe it would have helped a jury say, hey, he wasn't a drug dealer because he had a reason to have the $250 not from the sale of drugs.

N.T., 5/13/14, at 6.

On cross-examination, the following exchange between the Commonwealth and trial counsel expanded on counsel's chosen trial strategy:

> Q. Okay. Now, going to the trial where you represented [Appellee], do you remember [him] informing you of the existence of the bank records?
>
> A. Yes.

- 5 -

Q. Do you remember when during the representation?

A. It was definitely before trial, how much before I'm not exactly sure of. My recollection of this is it was at least a two-day trial.

With them being at Metro Bank, I should have - - if I thought they were that important at the time I would have been able to send one of our investigators across the street to Metro to obtain them.

Q. Why didn't you think they were important enough?

A. Because at the time I was arguing simple possession versus - - or I wasn't arguing simple possession versus possession with intent to deliver, I was just arguing it wasn't him.

If this would have been, like, $2,500 in his pocket, because I believe [the Commonwealth's expert] testified this was like $1,500 worth of PCP, at that point, maybe it makes a difference.

But it was a smaller amount of cash and I wasn't trying to say that he possessed [the drugs] for personal use. I wasn't as worried about the cash in his pocket.

Q. Did [Appellee] understand the defense that you were presenting?

A. That I don't know.

Q. In your discussions with him, did he express any disagreement with regard to the defense you were going to present?

A. Not that I recall. But he asked for the records at some point. He said, hey, let's show where this came from. I said, hey, it's not that important. I'm arguing [the drugs] weren't yours. The money in your pocket is not that important.

If I recall correctly, this was done at counsel table. It wasn't a long, drawn out discussion over it.

Q. That's when he- -

A. Well, I think our discussion - - he might have said something before that but our discussion about it I believe was, like, while we were picking the jury early on in the proceedings.

Q. You explained the defenses you were going to present?

A. Well, I just said why I didn't have the bank records when he asked about them.

Q. And what did [Appellee] say to you?

A. I don't recall his exact words.

Q. Okay. In your opinion, would a defense of personal use of 15 grams of PCP, would have been a viable defense?

A. No.

Q. Could you have presented that defense and a defense of the drugs weren't mine?

A. They cut into each other so I tend not to do that. I mean, one's saying, look, they're not his; but if you believe it's his, it's not the felony, it's the misdemeanor. You're kind of talking out of both sides of your mouth.

Q. Okay. And in your opinion which was the best defense in this case?

A. Wasn't him.

Q. That - - the defense it wasn't him?

A. Correct.

N.T., 5/13/14, at 8-10.

Trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. **_Commonwealth v. Collins_**, 545 A.2d 882, 886 (Pa. 1988)

(cited with approval by **Commonwealth v. Hall**, 701 A.2d 190, 204 (Pa. 1997)). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." **Commonwealth v. Ervin**, 766 A.2d 859, 862-63 (Pa. Super. 2000) (quoting **Commonwealth v. Miller**, 431 A.2d 233, 234 (Pa. 1981). Our Supreme Court has defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. **The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record.** Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

**Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987) (emphasis added) (quoting **Com. ex rel. Washington v. Maroney**, 235 A.2d 349, 352-53 (Pa. 1967)). **See also Commonwealth v. Clark**, 626 A.2d 154, 157 (Pa. 1993) (explaining that a defendant asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized"). Here, introducing evidence of the source of the money that was found in Appellee's pocket (along with an I.D. card and ATM card, **see** N.T., 12/5/11, at 34) would not be inconsistent with the defense that the bag of drugs found on the bush did not belong to Appellee. Although trial counsel knew of the bank statement's existence, he chose not to present it.

Even though trial counsel testified that in hindsight he probably should have introduced the records, this is not a basis for relief. *Pierce*, *supra*. Thus, the PCRA court's reliance upon trial counsel's hindsight analysis in determining the reasonableness of his basis for not introducing the records was improper. Likewise, a PCRA petitioner is not entitled to relief simply because a chosen strategy is unsuccessful. *Commonwealth v. Buksa*, 655 A.2d 576, 582 (Pa. Super. 1995).

Finally, even if trial counsel's chosen trial strategy was unreasonable, *Ervin*, *supra*, I agree with the Commonwealth that Appellee did not establish prejudice. In affirming the PCRA court's finding of prejudice, the Majority does no more than "succinctly" restate the ineffectiveness test for prejudice. Majority at 11. The PCRA court credited Appellee's testimony that he believed the jury in his first trial heard the Commonwealth's objection to the admission of the bank statement, and that this led to their inability to reach a verdict on the drug-related charges. We cannot disturb this determination. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court). However, Appellee's opinion is no more than speculation, and cannot establish the requisite prejudice to support an ineffectiveness claim. This is especially true, given the additional evidence that Appellee's girlfriend was going through his pockets while Officer Cover was trying to handcuff him, and Appellee's own statement of disbelief that

the police officers believed the substance found within the bag was marijuana. *See* N.T., 5/18-19/11, at 23-65. For all of these reasons, the PCRA court erred in concluding that Appellee proved actual prejudice. *See*, *e.g.*, *Commonwealth v. Spotz*, 84 A.2d 294, 315-16 (explaining that PCRA petitioner must prove actual prejudice; "we disagree with the Superior Court that the challenged references [to petitioner's post arrest silence] made in the prosecutor's cross-examination of [the petitioner] went to the 'heart' of his self-defense claim such that he was 'actually prejudiced'").

Because my review of the record does not support the PCRA court's determination that trial counsel's trial strategy was unreasonable, and/or that Appellee established prejudice, I would reverse its order vacating Appellee's judgment of sentence and granting him a new trial. I would remand this matter to the trial court for re-imposition of Appellee's judgment of sentence.